# LAW OFFICE OF ALAN GERSON, ESQ.

212-45 26th Avenue

Bayside, New York 11360

Tel: (718) 279-7555 | Email: agerson@montaguelaw.com

April 23, 2026

Re: United States v. Huiling Wu

Case No.: 1:23-CR-00199 (DG)

Before: Hon. Diane Gujarati, U.S.D.J.

Dear Judge Gujarati:

## DEFENDANT'S SENTENCING MEMORANDUM

## I. INTRODUCTION

Ms. Huiling Wu respectfully submits this sentencing memorandum requesting a sentence of no incarceration. A custodial sentence would be greater than necessary under 18 U.S.C. § 3553(a), particularly in light of Ms. Wu's first-offender status, her complete cooperation with the Government, her acceptance of responsibility, and the extraordinary hardship that incarceration would impose on her three children and elderly parents.

This case involves a non-violent offense. Ms. Wu does not present any danger to the community. The prosecution itself, the public consequences of this case, and the substantial personal and family hardship already suffered have provided powerful punishment and deterrence. A carefully structured non-custodial sentence would satisfy the purposes of sentencing while avoiding unnecessary harm to innocent family members.

## II. THE GUIDELINES ARE ADVISORY AND SECTION 3553(a) CONTROLS

The United States Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 543 U.S. 220 (2005). The Court must consider the Guidelines, but the ultimate sentence must be based on the full record and the statutory command that the sentence be sufficient, but not greater than necessary. Gall v. United States, 552 U.S. 38 (2007).

Here, the statutory factors strongly support a non-custodial sentence. Ms. Wu's history and characteristics, lack of prior criminal record, cooperation, family obligations, and the non-violent nature of the offense all weigh in favor of no incarceration.

## III. MS. WU IS A FIRST-TIME OFFENDER WHO HAS ACCEPTED RESPONSIBILITY

Ms. Wu comes before the Court with no prior criminal history. This prosecution has been a profound and life-changing event. She has accepted responsibility and has not attempted to obstruct, delay, or minimize the seriousness of the case.



## IV. FAMILY HARDSHIP: THREE CHILDREN AND ELDERLY PARENTS DEPEND ON MS. WU

The Court should give substantial weight to Ms. Wu's family responsibilities. Ms. Wu has three children who depend on her for emotional support, stability, guidance, and day-to-day care. Her absence would create a serious disruption in their lives and would impose hardship on innocent children who had no involvement in this case.

In addition, Ms. Wu is responsible for her elderly parents, who live with her and rely on her for daily support, medical coordination, transportation, household responsibilities, and financial stability. Her parents depend on her presence in the home. Incarceration would not merely punish Ms. Wu; it would create a severe burden on both her children and her elderly parents.

These family circumstances are extraordinary. A non-custodial sentence would allow Ms. Wu to continue caring for her children and elderly parents while still being held

accountable through probation, home confinement, community service, financial penalties, or any other condition the Court deems appropriate.

## V. THE OFFENSE WAS NON-VIOLENT AND MS. WU PRESENTS NO DANGER TO THE PUBLIC

The conduct at issue, while serious, was non-violent. There is no allegation that Ms. Wu threatened, harmed, or endangered any person. She does not require incarceration to protect the public. The record demonstrates that she is capable of rehabilitation in the community under supervision.

Specific deterrence has already been achieved. Ms. Wu has endured the weight of a federal prosecution, the stress of criminal proceedings, damage to her reputation, financial hardship, and the fear of separation from her family. These consequences have made a lasting impact.

## VI. THE SECTION 3553(a) FACTORS SUPPORT NO INCARCERATION

A non-custodial sentence is sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. Incarceration would add little or nothing to those goals, while causing disproportionate harm to Ms. Wu's children and elderly parents.

The Court can impose meaningful punishment without imprisonment. Probation, home confinement, community service, restitution or financial penalties where applicable, and strict compliance conditions would hold Ms. Wu accountable while preserving her ability to care for her family.

## VII. CONCLUSION

For all of the foregoing reasons, Ms. Wu respectfully requests that the Court impose a sentence of no incarceration. Such a sentence would be sufficient, but not greater than necessary, and would appropriately ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, lack of criminal history, family responsibilities to her three children and elderly parents, and the non-violent nature of the offense.


Respectfully submitted,

**LAW OFFICE OF ALAN GERSON, ESQ.**

Alan Gerson, Esq.

Attorney for Defendant Huiling Wu

Dated: April 23, 2026

Bayside, New York